UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GRAHAM BELOU | CIVIL ACTION |
| v. | NO. 15-0820 |
| MARLIN N. GUSMAN, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is Barcadia Bar and Grill New Orleans, LLC's Rule 55(c) motion for vacatur of entry of default.  For the reasons that follow, the motion is GRANTED.

**Background**

This is a civil rights case arising out of an allegedly wrongful arrest in which excessive force used by the arresting officer injured the plaintiff.

On March 14, 2015, Graham Belou sued Marlin N. Gusman, Orleans Parish Sheriff, Corey Amacker, an Orleans Parish Sheriff's deputy, and Barcadia Bar and Grill New Orleans, LLC.  Belou alleges that on March 15, 2014, he was a patron outside of Barcadia following the St. Patrick's Day parade.  As he tried to re-enter the bar, without provocation, Amacker, who was working a security detail at Barcadia, tackled Belou, pushed his face into the dirt, restrained him, slammed his head against the hood of the sheriff's vehicle,

1

roughly handcuffed him, and shoved him into the sheriff's vehicle as he was placed under arrest. Belou suffered injuries to his face and right hand; the tendon damage to his hand required surgery. His charges were nolle prosequied by the City Attorney. In instituting this lawsuit against Gusman, Amacker, and Barcadia, Belou alleges constitutional violations as well as state law tort claims.

After the complaint was filed on March 14, 2015, summons was issued on March 23, 2015 to Barcadia, through its registered agent, Rachel Wendt Wisdom of the Stone Pigman law firm in New Orleans. Belou, through his attorney, hired Adrian Williams to effect service. Williams avers that on August 21, 2015, she served Barcadia through its registered agent by handing a copy of the summons and complaint to a receptionist at Stone Pigman. (Barcadia disputes that it was served). Barcadia never answered or otherwise responded to the lawsuit.

On November 13, 2015, Belou filed a motion for default against Barcadia in which plaintiff stated that on November 3, 2015, plaintiff's counsel had mailed the motion for default to Ms. Wisdom. (Ms. Wisdom states under penalty of perjury that she never received the motion for default). On November 17, 2015, the Clerk of Court denied the motion for entry of default because no affidavit accompanied the motion. Plaintiff filed a second motion for entry of default against Barcadia on November 30, 2015 in which

2

plaintiff's counsel once again stated that on that date he had mailed the second motion for default to Ms. Wisdom. (Ms. Wisdom states under penalty of perjury that she never received the second motion). The Clerk of Court granted the motion for entry of default on December 3, 3015.

Almost a week later, on December 9, 2015, a Barcadia manager received notice of the 12/3/15 preliminary default entered by the Clerk of Court. Barcadia contacted its registered agent and daytime managers to determine if service was made. Contending that neither service of the summons and complaint nor service of the notices of the motions for default were ever received by Barcadia or its registered agent, Barcadia now requests that the Court vacate the entry of default.

I.
*A.*

Federal Rule of Civil Procedure 55 governs entry of preliminary defaults and default judgments; it states:

> (a) Entering a Default. When a party against whom a judgment of affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
> …
> (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

Fed. R. Civ. P. 55.

*B.*

Where, as here, the Clerk of Court has merely entered default, a showing of good cause by the defendant against whom default was entered will suffice to vacate entry of default. Fed. R. Civ. P. 55(c). The Fifth Circuit offers this guidance on gauging good cause in the context of vacating entry of default:

> We are mindful that "good cause" is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely. At the outset it is important, however, to recall that courts "'universally favor trial on the merits'" and that the decision to set aside a default is committed to the sound discretion of the trial court. . . .

Matter of Dierschke, 975 F.2d 181, 183 (5th Cir. 1992)(citations omitted). To determine whether good cause exists, the Court considers a non-exclusive list of factors, such as whether the default was willful, whether setting it aside would prejudice the adversary, whether a meritorious defense is presented, and whether the party acted expeditiously to correct the default. Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 119 (5th Cir. 2008); In re Chinese-Manufactured Drywall Prods. Liab. Litig., 753 F.3d 521, 544-45 (5th Cir. 2014); Matter of Dierschke, 975 F.2d at 184.

II.

As a threshold matter, the Court notes that Barcadia has identified a fact dispute regarding whether or not service of process was actually effective under the Federal Rules. Belou contends that on August 21, 2015, his process server, Adrian Williams, served Stone Pigman's receptionist, who was a middle-aged African American female. But Barcadia submits that service upon a registered agent's receptionist is not proper service and, furthermore, that the receptionist upon which the plaintiff suggests was served does not exist.[1] Of course, entry of default would be improper if service was not effective. Nevertheless, the Court need not resolve this factual dispute because good cause otherwise supports vacating the entry of default and allowing Belou's claims against Barcadia to be resolved on the merits.

---

[1] Under penalty of perjury, Ms. Wisdom of Stone Pigman states:

> No African American women working at Stone Pigman, either now or on the date of August 21st, 2015, are or were employed as a receptionist or as a substitute/relief receptionist. Instead, these African American women include lawyers, the head of Stone Pigman's information technology department, and other staff members. . . .
> After a diligent search, Stone Pigman has determined it has no record of any August 2015 service or delivery of a complaint and/or summons for this lawsuit.

The Court applies several factors identified by the case literature. To determine, first, whether Barcadia's default was willful, the Court is faced with the fact dispute presented by the parties concerning whether or not the plaintiff's process server actually served Barcadia's registered agent. Barcadia's registered agent's sworn statement supports a finding that Barcadia lacked actual notice of this lawsuit. Although the plaintiff insists that Ms. Wisdom was served through a Stone Pigman receptionist, there is no other evidence in the record to suggest that Barcadia willfully neglected the plaintiff's lawsuit. Absent evidence of willfulness, the Court finds this factor weighs in favor of vacating entry of default.

Second, the Court considers whether Belou would be prejudiced if the Court vacated the default entered against Barcadia. Belou himself admits that he can point to no specific harm he would suffer if entry of default is set aside. Indeed, no scheduling order has been entered in the case, and there is nothing in the record that would support a finding of any prejudice if Barcadia is permitted to defend. Accordingly, the Court finds that setting aside entry of default will do no harm to the plaintiff. This factor also supports vacatur.

Third, the Court considers whether Barcadia may assert any meritorious defenses. Regarding this factor, "[t]he underlying concern is . . . whether there is some possibility that the outcome

6

of the suit after a full trial will be contrary to the result achieved by the default." Jenkins & Gilchrist v. Groia & Co., 542 F.3d 114, 122 (5th Cir. 2008)(citation omitted).  A review of Barcadia's defenses summarized in its papers demonstrates the possibility that, if believed at trial, it may succeed on one or more of its defenses, which would be contrary to the result achieved by the default.  Barcadia points to the affirmative defenses advanced by its co-defendants, as well as other defenses it may raise, including that Amacker was an independent contractor, rather than employee of Barcadia.  The plaintiff suggests in conclusory fashion that Barcadia has failed to establish a meritorious defense to his claims.  But the Court finds that there is "some possibility" that Barcadia could succeed on one or more of its defenses.  A finding that favors allowing Belou's claims against Barcadia to proceed on the merits.

Fourth, the Court considers whether Barcadia acted expeditiously.  Barcadia contends that after it received notice of the lawsuit on December 9, 2015 (when it received through the mail the notice of entry of default), within seven days it retained counsel, which investigated the matter, and appeared and began participating in the lawsuit.  The plaintiff does not dispute that Barcadia acted expeditiously.  The Court finds that the record supports that it did so.

Accordingly, finding good cause, IT IS ORDERED: that Barcadia's Rule 55(c) motion for vacatur of entry of default is hereby GRANTED.

New Orleans, Louisiana, January 12, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE